THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: September 27, 2018



Susan V. Kelley
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re | Chapter 7 |
| Teresa M. Bushberger, | Case No. 17-21474-svk |
| Debtor. | |

### DECISION AND ORDER OVERRULING OBJECTION
### TO DEBTOR'S CLAIM OF EXEMPTION

After Teresa Bushberger (the "Debtor") received a Chapter 7 discharge and this bankruptcy case was closed, she moved to reopen the case to schedule and exempt a claim against Midland Credit Management, Inc. ("Midland") for collection practices in violation of the Fair Debt Collection Practices Act. Over Midland's objection, the Court reopened the case for the purpose of determining whether the claim was property of the bankruptcy estate. (Docket No. 21.) The Court determined that reopening the case was a purely administrative matter that did not substantively affect the disposition of the issues in the case.

The parties then briefed the issue of whether the claim was property of the estate. On June 27, 2018, the Court issued a decision determining that "the FDCPA action is property of the bankruptcy estate that the Debtor may schedule and claim exempt, subject to the rights of the creditors and trustee to object to the exemption." (Docket No. 27 at 8.) The Debtor filed amended Schedules A/B and C on August 3, 2018, and Midland objected to the Debtor's claim

of exemption. At the Court's direction, the Debtor re-filed the amended schedules along with Official Form 106Dec, Declaration About an Individual Debtor's Schedules. The Court held a hearing on September 18, 2018 and issues this decision and order after further review of the issues.

The Debtor has scheduled an "FDCPA claim against Midland Credit Management, Inc., 17-CV-1468 (E.D. Wis.)" with a value of $1,000 and exempted $1,000 of that asset. (Amended Schedule A/B, Docket No. 34 at 5; Amended Schedule C, Docket No. 34 at 8.) As indicated on the amended schedules, the Debtor filed a class action lawsuit against Midland in the District Court on October 26, 2017 (the "FDCPA Action"). (Docket No. 12-1.) The complaint related to a debt collection letter allegedly mailed on or about October 28, 2016. (*Id.* ¶ 8.)

Midland requests that the Court disallow the exemption or value the claimed interest at $0. Midland objects to the exemption on the grounds that the "Debtor has no monetary interest in an 'FDCPA claim against Midland Credit Management, Inc., 17-CV-1468 (E.D. Wis.)' pursuant to 11 U.S.C. § 522(d)(5) due to the statute of limitations expiring on her claim." (Docket No. 29 ¶ 10.) According to Midland, the claim became time barred in October 2017. (*Id.* ¶ 13.) "As a result, Debtor's claim against Midland no longer has any possible monetary value and therefore it is not a properly claimed exemption." (*Id.* ¶ 22.)

The Court rejects this argument. The Debtor has already filed an action based on the FDCPA claim. Admittedly, in that case Midland has challenged the Debtor's standing to bring the action, since the claim belonged to the bankruptcy estate at the time the case was filed. Midland also argues in the District Court that the Debtor is judicially estopped from pursuing the claim because she initially failed to disclose it in the bankruptcy case. Midland's argument in opposition to the Debtor's claim of exemption appears to presuppose that at least one of these

arguments will succeed in the District Court case. But the standing and judicial estoppel arguments are best decided by the District Court.

As the Court noted in its decision determining the claim was property of the estate and permitting the Debtor to file amended schedules, the "date of valuation of an asset for purposes of determining whether it can be exempted is the date on which the petition for bankruptcy is filed." *Polis v. Getaways, Inc. (In re Polis)*, 217 F.3d 899, 902 (7th Cir. 2000); *see* 11 U.S.C. § 522(a)(2). The Debtor filed her bankruptcy petition on February 27, 2017, before the statute of limitations ran and before the FDCPA Action was filed. Midland does not attempt to explain how the FDCPA claim was worth $0 on the petition date. Admittedly, events subsequent to the petition date may affect the value of an asset. *See id.* at 902-03. Here, in the event the District Court dismisses the FDCPA Action, there will be no recovery on the claim. However, this is not relevant to the question of what the value of the asset was on the petition date.

In support of its argument, Midland cites several cases where courts denied exemptions claimed by a debtor who had no interest in the property at issue. *See In re Thompson*, No. 03-92057-DML-7, 2004 Bankr. LEXIS 624 (Bankr. N.D. Tex. May 10, 2004) (disallowing debtor-wife's exemption of property debtor-husband inherited when wife had no monetary interest in property); *In re Cohen*, 263 B.R. 724 (Bankr. D.N.J. 2001) (holding debtor-wife with no ownership interest in property could not claim exemption, despite her right to possession during marriage under state law); *In re Hartman*, 211 B.R. 899 (Bankr. C.D. Ill. 1997) (under Illinois exemption statute, debtor-husband was not entitled to exemption in property solely owned by debtor-wife); *In re Freund*, 32 B.R. 622 (Bankr. W.D. Wis. 1983) (holding debtor-wife who had no interest in debtor-husband's inheritance prior to bankruptcy could not exempt inheritance); *In re Cunningham*, 5 B.R. 709 (Bankr. D. Mass. 1980) (holding debtor-husband was not entitled to

3

exemption in property solely owned by debtor-wife). The present case is distinguishable, as Midland makes no assertion that the cause of action did not belong to the Debtor at the time she filed the bankruptcy petition. Rather, Midland's argument is that because the action became property of the bankruptcy estate when the Debtor filed her petition, the Chapter 7 Trustee has the right to prosecute the FDCPA Action, not the Debtor. (Docket No. 29 at 4.) Although this is true, it is not relevant to the Debtor's right to exempt the asset on the petition date. It is likely relevant to the issues before the District Court, but again, that is for the District Court to decide.

Midland also cites *In re Messina*, 687 F.3d 74 (3d Cir. 2012). In that case, Chapter 7 debtors claimed exemptions in their residence under § 522(d)(1) and (5), though the property was fully encumbered. The trustee avoided one of the mortgages and sold the property. The court held that since the mortgage was valid as to the debtors, they had no equity to exempt on the petition date, and the sale of the property did not create equity to which their exemption could attach. *Messina* does not support Midland's argument. If anything, the case reinforces the idea that determinations about property rights are to be made as of the petition date. *See id.* at 82.

In sum, courts construe exemption statutes liberally in favor of the debtor. *In re Smith*, 640 F.2d 888, 891 (7th Cir. 1981). The Debtor's failure to schedule the FDCPA claim when she first filed her bankruptcy case appears to have been inadvertent. Counsel explained that at the time the Debtor filed the bankruptcy case, he did not believe the Debtor had a viable FDCPA claim, but his belief changed due to subsequent judicial decisions. (Docket No. 24 at 1-2.) *See also In re Bogan*, 534 B.R. 346 (Bankr. W.D. Wis. 2015) (determining that after *Law v. Siegel*, 571 U.S. 415 (2014), the Bankruptcy Code does not authorize the court to deny an amended

claim of exemption on bad faith grounds).  Midland has not shown that the Debtor did not properly claim the exemption.  Accordingly,

IT IS THEREFORE ORDERED:  Midland Credit Management, Inc.'s objection to the Debtor's claim of exemption is overruled.

#####